29 F.3d 645
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Odis JONES, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 94-3158.
 United States Court of Appeals, Federal Circuit.
 June 14, 1994.
 
 Before RICH, Circuit Judge, SKELTON, Senior Circuit Judge, and RADER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Odis Jones petitions for review of a decision of the Merit Systems Protection Board (Board), Docket No. SE-0731-93-0353-I-1, sustaining a decision by the Office of Personnel Management (OPM) finding Jones unsuitable for Federal employment and barring him from competing for appointments in the Federal competitive service until March 27, 1995. An initial decision by an Administrative Judge (AJ), dated November 5, 1993, became the final decision of the Board on December 10, 1993, when Jones failed to file a petition to the Board to review the AJ's decision. We affirm.
 
 DISCUSSION
 
 2
 This court must affirm a Board decision unless that decision is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988); Cheeseman v. Office of Personnel Management, 791 F.2d 138, 149 (1986), cert. denied, 479 U.S. 1037 (1987). No such grounds are present here.
 
 
 3
 The AJ issued a thoughtful and detailed decision supporting his findings that Jones intentionally falsified his employment application, dated July 29, 1991, and his SF86, "Questionnaire for Sensitive Positions," dated November 27, 1991, and we see no basis for disturbing these findings. In addition, we see no reason for overturning the AJ's holding that, pursuant to 37 C.F.R. Secs. 731.202 and 304, OPM was justified in finding that Jones was unsuitable for employment based on such intentional falsification. To the extent that Jones disputes the AJ's findings based on credibility determinations, we note that credibility determinations are virtually unreviewable, and we find nothing of the record to justify our reconsidering the AJ's credibility determinations in this case. Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986).